

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN ALLYN JORDAN, #296751,

    Petitioner,

v.                            CASE NO. 2:06-CV-13395
                                HONORABLE DENISE PAGE HOOD

JAN E. TROMBLEY,

    Respondent.
_____/

## ORDER TRANSFERRING CASE TO THE UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT PURSUANT TO 28 U.S.C. § 2244(b)(3)(A)

Petitioner John Allyn Jordan, a Michigan prisoner, has filed a *pro se* petition for a writ of habeas corpus challenging his state court convictions on eight counts of first-degree criminal sexual conduct and twelve counts of child sexually abusive material or activity which were imposed following a jury trial in the Marquette County Circuit Court. He was sentenced to 25-50 years imprisonment on each of the criminal sexual conduct convictions and to 10-20 years imprisonment on each of the child sexually abusive material or activity convictions in 1999. Petitioner has filed a prior petition in federal court challenging the same convictions and sentences. For the following reasons, this Court concludes that it must transfer this case to the United States Court of Appeals for the Sixth Circuit.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 *et seq*, amended 28 U.S.C. §§ 2244, 2253, and 2254, which govern habeas corpus proceedings in federal courts. Pursuant to those amendments, an individual seeking to file a "second or successive" habeas petition must ask the appropriate court of appeals for an order

1

directing the district court to consider the petition. *See* 28 U.S.C. § 2244(b)(3)(A); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 641 (1998); *In re Wilson*, 142 F.3d 939, 940 (6th Cir. 1998). This requirement transfers to the court of appeals a screening function which the district court previously performed. *Felker v. Turpin*, 518 U.S. 651, 664 (1996).

Petitioner has filed a prior habeas corpus petition challenging the same convictions at issue in the instant petition, which was denied on the merits. *See Jordan v. Bock*, No. 02-CV-73006 (E.D. Mich. April 3, 2003) (Friedman, J.). Petitioner has not obtained appellate authorization to file a subsequent petition as required by 28 U.S.C. § 2244(b)(3)(A). Accordingly,

The Court **ORDERS** the Clerk of the Court to transfer this case to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631[1] and *Sims v. Terbush*, 111 F.3d 45, 47 (6th Cir. 1997) ("when a prisoner has sought § 2244(b)(3) permission from the district court, or when a second or successive petition for habeas corpus relief . . . is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631").

R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

DATED: 8/3/06

---

[1] 28 U.S.C. § 1631 provides in pertinent part that:

> Whenever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed . . . , and the action . . . shall proceed as if it had been filed in . . . the court to which it is transferred on the date upon which it was actually filed in . . . the court from which it was transferred.